IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
        **Plaintiff,**                CASE NO.:  21-CR-20060

Vs.

**KAABA MAJEED,**
        **Defendant,**

## MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

**A.   Overview**

All defendants have been charged despite their very dissimilar backgrounds and roles with assisting the now discontinued United Nation of Islam (UNOI) which was under the direction of Royall Jenkins. Jenkins believed contrary to the teaching of the Islamic faith that he himself represented Allah, or God. The founding of the UNOI is explained during the introduction portion of the indictment which was filed on October 20, 2021. The indictment alleges that the defendant, Kaaba Majeed, was given the title of National Lieutenant in the UNOI and under the direction of Royall Jenkins and some of his subordinates who were Jenkins's family members performed acts of forced labor. The defendant vigorously denies these allegations. While it is true Mr. Majeed was a member of the UNOI it is also true he came to the organization in an unconventional way.

In 1997, Mr. Majeed was finishing up school at the University of Louisville. While there he met a few members of the Nation of Islam and was intrigued by the different lifestyle they lead and how they carried themselves. Majeed started

going to a few meetings, and in early 1997 learned more about the NOI. He very much enjoyed being around others that were serious about health, diet, staying away from drugs and alcohol, working within the community to educate and deter things that historically have plagued the African American community such as drugs, crime, and violence. Later in 1997 he was introduced to the UNOI. When comparing the two Majeed was more attracted to the UNOI because they were actually doing or producing a change rather than just talking about a change. The UNOI was very critical of the NOI in that they did not do much to support the community. Majeed felt the UNOI would walk the walk rather than talk the talk. With that in mind Majeed visited the UNOI in Kansas in the later part of 1997 and was highly impressed with the work they were doing in the community. He filled out his application and applied to move to Kansas and joint the UNOI full time, for him he felt that what he had to offer would help expedite growth, change, and a different alternative for others that desire to be around more likeminded people. Mr. Majeed was accepted into the UNOI and moved to Kansas leaving the University of Louisville in January of 1998.

    **B.**    **Statute of Limitations**

All defendants are charged in count one with conspiracy to commit forced labor under 18 U.S.C. § 371. The conspiracy is alleged to have been committed between October 28, 2000 and continuing through November 30, 2012. The defendants are also charged in counts two through eight of forced labor in violation of 19 U.S.C. § 1589 for the dates between October 28, 2000 and November 30, 2012.

1. **Statute of Limitations for Count One Conspiracy to Commit Forced Labor**

The general statute of limitations for a charge of forced labor is governed by 18 U.S.C. § 3298. This section states that any prosecution for forced labor an indictment cannot be instituted later than ten years after the commission of the offense. Therefore, the predicate offense must have occurred within ten years of the filing of the indictment. In this case the defendants are charged with conspiracy to commit forced labor. Normally, a statute of limitations begins to run when the crime is complete, which occurs when the last element of the crime has been satisfied. The rule for conspiracy is a bit different. Conspiracies generally require an agreement to commit a federal crime and an overt act committed in furtherance of the agreement. The statute of limitations for conspiracies begins to run not with the first overt act committed in the furtherance of the conspiracy but with the last. Fiswick v. United States, 329 U.S. 211, 216 (1946). The statute of limitations for conspiracies also begins to run when the defendants effectively withdraw from the conspiracy. United States v. Smith, 568 U.S. 106, 107 (2013).

This indictment was filed on October 20, 2021. Therefore, as it relates to count one the Government must allege an overt act that occurred in furtherance of the conspiracy between the dates of October 20, 2011 and October 20, 2021. The conspiracy alleged in count one reflects that these acts occurred between October 28, 2000 continuing through November 30, 2012. This means that in order for the Government to allege an incident within the statute of limitations they have to allege an overt act that occurred after October 20, 2011. According

to the Government's own Indictment this would give them a window of between October 20, 2011 and November 30, 2012. On its face the Indictment does not refer to any sort of overt act taking place between those two timeframes. What is concerning to defendant Majeed is that there is a blanket allegation in the Indictment that this conspiracy occurred up until November 30, 2012. However, the Indictment does not reference where those dates came from. The following timeline may be helpful.



2. **Statute of Limitations for Forced Labor**

As earlier indicated the statute of limitations for any forced labor allegation is ten years. This means that for the Government to survive a statute of limitations challenge they would have to show that any acts of alleged forced labor occurring after October 20, 2011, can survive. The statute is very clear on its face.

Defendant Majeed anticipates the Government may argue that there is no statute of limitations if the allegations relate to children. This is true regarding allegations of sexual or physical abuse or kidnapping of a child under the age of 18 years. That statute is set out in 18 U.S.C. § 3283. Forced labor is not included

within this section. Section 3283 applies to "an offense involving the sexual or physical abuse of a child under the age of 18 years." Section 3283 does not define sexual or physical abuse. Where a statute does not define a term the courts must apply the "ordinary everyday meaning." United States v. Wagner, 951 F.3d 1232, 1256 (10th Cir. 2020)

> The ordinary, everyday meaning of "abuse" connotes physical injury as the result of physical maltreatment. Black's Law Dictionary, Abuse (11th ed. 2019); *see* also "Abuse, n." Oxford's English Dictionary Online *June 2021), last accessed Sept. 1, 2021; Merriam-Webster Dictionary Online, last accessed Sept. 1, 2021. Looking to the context of the statute as a whole, based on the section's legislative history, courts have previously construed § 3283 in light of the definitions included 18 U.S.C. § 3509. *See* United States v. Diehl, 775 F.3d 714, 720 (4th Cir. 2015); United States v. Carpenter, 680 F.3d 1101, 1103 (9th Cir. 2012); United States v. Coutentos, 651 F.3d 809, 816-17 (8th Cir. 2011). Section 3509 defines "physical injury" to include "lacerations, fractured bones, burns, internal injuries, severe bruising or serious bodily harm" 18 U.S.C. § 3509(a)(4). The plain meaning of "laceration" connotes a torn or ragged wound, usually of some depth. Merriam-Webster Dictionary Online, last accessed Sept. 1, 2021. "Serious bodily harm" connotes "serious bodily injury," which is defined as "[s]erious physical impairment of the human body; esp., bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." "Serious Bodily Injury," Black's Law Dictionary (11th ed. 2019); *see* also 18 U.S.C. § 1365(h)(3); 18 U.S.C. § 113(b)(2); 18 U.S.C. § 2246(4).
>
> United States v. Kepler, 2021 WL 4027203 United States District Court, N.D. Oklahoma (September 3, 2021).

The forced labor statute is codified in 18 U.S.C. § 1589.

This statute provides (a) whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means (1) by means of force, threats of force, physical restraint, or threats of physical restraints to that person or another person; (2) by means of serious harm or threats of serious harm to that person or another person; (3) by means

of abuse or threaten abuse of law or legal process, or (4) by means of any scheme plan or pattern intended to cause that person to believe that, if that person did not perform such labor or services, that that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d). Subsection (c) sets out some definitions.

The statute also defines abuse:

(1) The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. (2) The term "serious harm" means any harm whether physical or nonphysical, including psychological, financial or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

Paragraph 18 U.S.C. § 3283 which is the statute relating to sexual or physical abuse of children under the age of eighteen 18 U.S.C. 3509 provides assistance in defining sexual or physical abuse. 18 U.S.C. 3509(a)(3) provides the term "child abuse means the physical or mental injury sexual abuse or exploitation, or negligent treatment of a child" (4) Provides the term physical injury includes lacerations, fractured bones, burn, internal injuries, severe bruising or serious bodily harm. (8) Provides the term "sexual abuse" includes the employment, use, persuasion, inducement, incitement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children.

So, applying these definitions to the lifetime statute of limitations for sexual or physical abuse of children as set out in 18 U.S.C. § 3283, the analysis if fairly simple. For an offense to include sexual abuse one need only refer to the

6

definition of sexual abuse in 18 U.S.C. 3509. As it relates to physical abuse of a child one can combine the definition sections in paragraph (3) and paragraph (4) of 18 U.S.C. 3509 and glean that requires fairly significant physical injury to the child.

The bottom line is this, if the Government wants to avail itself of any statute of limitation exception for children under the age of 18, they must be able to prove that actual physical injury occurred to said child and it occurred before October of 2011.

### 3. Proffered Facts

Counsel has done a complete review of the discovery in this matter. Discovery has been voluminous and extensive. Counsel has also had an opportunity to review the Grand Jury transcripts in this case. There are certain and undisputed facts that stand out.

1. 99% of the alleged criminal behavior alleged by the defendant and co-defendants occurred prior to October 2011.
2. There is an absence of any allegation against the defendant regarding actual physical abuse to a child prior to October 2011.
3. The United Nation of Islam disbanded with the assistance of the defendant in early 2012.
4. When the Nation disbanded the defendant withdrew from any affiliation to the United Nation of Islam or its newly formed organization called The Promise Keepers.

5. The organization transformed itself into two organizations after the UNOI disbanded and defendant Majeed left the original UNOI. Those organizations were known as the "Value Creators" and The Promise Keepers".

6. The Government has provided hundreds of pages of financial information regarding the defendant and some co-defendants for the years 2016 and on. This would be a timeframe well after the defendant and some co-defendants withdrew from any affiliation with the former United Nation of Islam. The vast majority of the discovery relates to the "Value Creators" and "The Promise Keepers". Again, defendant Majeed was not a part of those organizations.

C.   **Request for Bill of Particulars if Dismissal is Denied**

The defendant requests the Court order the Government to provide a bill of particulars given the extremely ambiguous nature of the indictment and its relation to the appropriate statute of limitations of 10 years. Granted, the Government has provided an open discovery process in this matter. However, the information thus provided relates to potential activities well outside the statute of limitations or if inside the statute of limitations relates to a sister group renamed after the dissolution of The United Nation of Islam. The defendant was not part of the sister group.

As this court has written in the past: The grand or denial of a defendant's request for a bill of particulars rests within the sound discretion of the trial court. The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to: (i) enable the defendant to prepare his or her

defense; (ii) avoid unfair surprise to the defendant at trial; and (iii) preclude a second prosecution for the same offense.

*United States v. Sapp*, 835 F.Supp. 1346, 1348 (D.Kan. 1993) (citations omitted); see also *United States v. Walton*, No. 95-20086, 1996 WL 22846, at *1 (D.Kan April 2, 1996). Unless the request for the bill of particulars shows, on its face, that failure to grant the defense preparation, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria. *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987) (citing *United States v. Thevis*, 474 F.Supp. 117, 123-24 (N.D.Ga 1979)). The extent of the government's disclosures to the defendant should be a factor in determining whether or not a bill of particulars should be ordered. See U.S. v. Ivy, 83 F.3d 1266, 1281-82 (10th Cir. 1996).

Defendant Majeed requests the Court order the United State to provide a bill of particulars. Based on the discovery that has been provided so far and extremely small percentage of the information derived from witnesses in their FBI 302 statements indicate any illegal activities prior to October 20, 2011 which would mark the beginning of the 10 year statute of limitations based on the date the indictment was filed. It is at this time difficult if not impossible to prepare a defense in this matter because of the lack of specificity provided in any of the materials given by the Government. It is clear the courts have set precedence regarding these issues including when a bill of particulars is warranted. Generally, they are not favored and should only occur in abstract or extreme situations. The defendant would respectfully suggest this is one of those cases. We are not litigating this case over guns and drugs, what we are litigating is whether the Government can prove that this defendant or any of the defendants entered into an unlawful business arrangement and then committed overt acts in furtherance of that arrangement ultimately for the purpose of forcing individuals to work under substandard wage and income conditions. What we don't know is

whether if a conspiracy occurred what was the purpose of if the conspiracy. More importantly we have no idea who the targets or objects of the conspiracy are. Are they men? Are they women? Are they children? Unless we know the answer to that it is going to be extremely difficult to prepare a defense in this case. Furthermore, the answer affects the statute of limitations analysis.

Therefore, for the foregoing reasons, defendant Majeed respectfully asks the Court to dismiss the indictment for violating the appropriate statute of limitations and should the Court choose not to do that, then we would respectfully ask the Court order the Government to file a bill of particulars addressing the above stated issues.

Respectfully submitted:

GARRETSON & TOTH, LLC

/s/ W. Scott Toth
105 East Park
Olathe, Kansas 66061
Telephone: (913) 948-6682
Facsimile: (913) 948-6681
scott@garretsontoth.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the U.S. District Court for the District of Kansas with notice of case activity generated and sent electronically on this the 20th day of December, 2022, to all counsel of record in this case.

/s/ W. Scott Toth
W. Scott Toth