IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         **Plaintiff,**<br><br>v.<br><br>DANIEL AUBREY JENKINS,<br><br>         **Defendant.** | Case No. 21-20060-JAR |

**JENKINS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Comes now the defendant, Daniel Aubrey Jenkins, by and through his attorney, Mark Thomason, and files this reply in support of his motion to dismiss this case pursuant to Fed.R.Crim.P 12(b)(2) and (3),[1] which moved this Court to dismiss this case because the Government's invocation of the forced labor statute, 18 U.S.C. § 1589, to prosecute what is essentially alleged to have been child abuse, constitutes the impermissible federalization of a state crime.

Because the indictment contains insufficient allegations to elevate the charges against Mr. Mr. Jenkins from child abuse to involuntary servitude as prohibited by 18 U.S.C. § 1589, the indictment should be dismissed.

---

[1] Jenkins filed his motion under Rule 12(b)(2). The Government's response (Dkt. #183 at p. 19 fn. 7) asserts that his arguments are more properly considered under Rule 12(b)(3). Without admitting the accuracy of the Government's assertion, Jenkins nonetheless replies to the Government's "as-applied" arguments herein as well.

**STATEMENT OF FACTS**

Mr. Jenkins incorporates the Statement of Facts in his opening motion (Dkt. #161) and does not object to the Government's recitation of the factual background of the enactment of 18 U.S.C. § 1589 (Dkt. #183 at pp. 3-5).

**DISCUSSION**

Mr. Jenkins' motion to dismiss raised a jurisdictional challenge to the instant prosecution under Fed.R.Crim.P. 12(b)(2). Mr. Jenkins argued that, because the allegations in the Indictment do not support an inference that Mr. Jenkins' conduct rose to the level of forced labor. Rather, if proved, the evidence would show that Mr. Jenkins committed child abuse in violation of state, not federal, law. For this reason, Mr. Jenkins argued, the Indictment represented the improper federalization of a state offense. See Dkt. #161 at Point I.

In response to Mr. Jenkins' motion to dismiss, the Government makes three arguments, which Mr. Jenkins addresses in turn. First, the Government argues that a challenge to the constitutionality of § 1589 is premature given the procedural posture of this case. Dkt. #183 at pp. 19-20. Second, the Government asserts that the holding in *Toviave* is so narrow as to apply only to parents or adults *in loco parentis* forcing children to perform household chores. Dkt. #183 at pp. 20-22. Third, the Government argues that the Thirteenth Amendment gives the Federal Government the power to legislate against forced labor and, therefore, that no improper federalization concerns are implicated in this prosecution. Dkt. #183 at pp. 22-25. None of these arguments, to the extent they are responsive to Mr. Jenkins' motion, are persuasive.

**First,** the Government's argument that Mr. Jenkins' motion is premature because it is brought before the Court has the benefit of a fully developed trial record (Dkt. #183 at pp. 19-20), misses the mark. In arguing for dismissal of the Indictment, Mr. Jenkins has not argued that it is

impossible that the Government could prove at trial any set of facts that would establish a violation of § 1589. Rather, he has alleged that the statute cannot reach his conduct *as alleged in the Indictment*, and that therefore, because the Court lacks jurisdiction over the allegations – which amount at most to violations of state child abuse laws -- dismissal is warranted.

The indictment alleges that Mr. Jenkins (committed four overt acts in furtherance of the charged conspiracy:

- Mr. Jenkins and others "used a paddle to hit Minor Victim 2" "as punishment on multiple occasions in Kansas" between October 28, 2000 and December 31, 2004 (Ind. at ¶ 37);

- Mr. Jenkins and others "participated in meetings" about where to move victims for labor and concerning disciplinary actions to be imposed on victims "such as withholding food" between October 28, 2000, and December 31, 2008 (Ind. at ¶¶ 42, 43);

- Mr. Jenkins engaged in "Fruit of Islam Beatdowns, between October 28, 2000 through December 31, 2009, "in which he physically abused male UNOI members as punishment for infractions (Ind. at ¶ 46); and

- Mr. Jenkins and others "led meetings in which they publicly chastised the victims and other individuals for violating UNOI rules" between October 28, 2000, and January 2012 (Ind. at ¶ 58).

Mr. Jenkins asserts that these paragraphs in the Indictment do not connect the alleged abuse to any acts of forced labor. Dkt. #161 at p. 8. As was the case in *United States v. Toviave*, 761 F.3d 623 (6th Cir. 2014), the abuse is not connected with forced labor. Therefore, as in *Toviave*, even "reprehensible" conduct unconnected to forced labor cannot be prosecuted under § 1589. *See Toviave*, 761 F.3d at 625. In making this argument, Mr. Jenkins has not "draw[n] favorable inferences that are not part of the Indictment." See Dkt. 183 at p. 6. Rather, he has pointed out

3

deficiencies in the Indictment, asserting that its language does not allege actions that bring his conduct within the parameters of the forced labor statute. See Dkt. #161 at pp. 8-9. He has asked the Court to look at the words of the allegations against him and to consider whether the allegations have sufficiently pled the charge of conspiracy to violate the forced labor statute.

With respect to Counts Five and Seven, the two substantive counts of forced labor against Mr. Jenkins, he argues that, to the extent they are premised on the same type of physical abuse alleged in connection with the overt acts charged in Count One, the same argument applies.[2]

Mr. Jenkins' motion is based on the facial insufficiency of the Indictment and its failure to establish federal jurisdiction over the alleged crimes, not on the constitutionality of § 1589 itself. *Cf.* Dkt. #183 at p. 19 (arguing that any constitutional challenge to § 1589 as applied to the facts of this case is premature). Notwithstanding Mr. Jenkins' clear premise for the argument he has raised, the Government argues that Mr. Jenkins' motion should be construed as an "as-applied" challenge under Fed.R.Crim.P. 12(b)(3) and that it cannot be decided before trial because issues of fact remain to be proved at trial. Dkt. #183 at pp. 6-7, 19. *Id.*, at p. 19 fn. 7. The Government does not specify which provision of 12(b)(3) it believes is implicated, however Mr. Jenkins surmises that the Government is referencing Rule 12(b)(3)(B)(v), which permits a motion for failure to state an offense before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits. Fed.R.Crim.P. 12(b)(3)(B).

To the extent Mr. Jenkins' motion can be construed as a motion to dismiss on for failure to state an offense, Mr. Jenkins returns to the facial insufficiency of the Indictment. Even in an "as-applied" analysis, Count One of the Indictment should be dismissed because it does not allege that

---

[2] Jenkins' arguments in support of a Bill of Particulars on these two counts are addressed in Jenkins' Reply in Support of His Motion for a Bill of Particulars.

any of Mr. Jenkins' conduct was related to obtaining involuntary labor from the alleged victims. It does not specify how the specific allegations of abuse are related to the general forced labor violations of which Mr. Jenkins and his co-defendants are accused.

The Indictment alleges that UNOI leadership compelled individuals, including minors, to "work long hours" (Indictment at ¶ 30), but does not explain how this allegation is related to the alleged instances of abuse in the overt act paragraphs against Mr. Jenkins (¶¶ 37, 42, 43, 46, 58). The Government alleges that Mr. Jenkins and others "used a paddle to hit Minor Victim 2" "as punishment on multiple occasions in Kansas" between October 28, 2000 and December 31, 2004 (Ind. at ¶ 37), but there is no indication that this "paddling" bore any relation to work either performed or not performed by MV-2. Similarly, the Government alleges that Mr. Jenkins engaged in "Fruit of Islam Beatdowns, between October 28, 2000 through December 31, 2009, "in which he physically abused male UNOI members as punishment for infractions (Ind. at ¶ 46). But there is no assertion that these "infractions" were incurred in connection with any work performed or not performed by the alleged victims. These allegations, although they are specific accusations of wrongdoing against Mr. Jenkins, do not plead a forced labor offense.

Further, with respect to Counts Five and Seven, the substantive counts, as discussed in Mr. Jenkins' Reply in Support of His Motion for a Bill of Particulars, details are required before Mr. Jenkins is able to adequately defend against these allegations either in motion practice or at trial.

**Second**, the Government's argument that *Toviave*'s holding cannot reach the conduct in issue here fails to persuade. The Government erroneously narrows *Toviave*'s holding beyond recognition, arguing that it concludes only that parents compelling their children to perform household chores does not amount to forced labor. Dkt. #183 at p. 20. *Toviave* is not so narrow.

The Government's assertion that *Toviave* at 626 provides that "a parent or guardian who uses a prohibited means to compel services outside household chores can be prosecuted under § 1589" (see Dkt. #183 at p. 21) finds no support in the text of the case. Therefore, the Government's premise that *Toviave* applies only to instances in which parents force children to perform household chores (Dkt. #183 at p. 21) is wrong.

The *Toviave* Court acknowledged additional situations in which parents or those standing *in loco parentis* (such as, here, the UNOI leadership) would be entitled to the earnings of minors. *See*, *e.g.*, *Toviave*, 761 F.3d at 625 (citations omitted) (discussing parents' rights to compensation for the value of a child's services outside the home in "most states, as at common law"). It discussed the impermissible broadening of a federal statute to reach essentially local conduct. *Id.*, at 627-28. And, importantly for Mr. Jenkins here, it instructed that, "the Supreme Court has long recognized that the Thirteenth Amendment "was not intended to apply to 'exceptional' cases well established in the common law at the time of the Thirteenth Amendment, such as 'the right of parents and guardians to the custody of their minor children or wards.'" *Toviave*, 761 F.3d at 626 (quoting *United States v. Kozminski,* 487 U.S. 931, 944, 108 S.Ct. 2751, 101 L.Ed.2d 788 [1988] [quoting *Robertson v. Baldwin,* 165 U.S. 275, 282, 17 S.Ct. 326, 41 L.Ed. 715 (1897)]).

For all of these reasons, the Government is wrong that *Toviave* does not reach Mr. Jenkins' alleged conduct in this case. Without re-stating each of the arguments in his opening motion to dismiss, which Mr. Jenkins incorporates herein in full, the law is clear that the forced labor statute does not reach the abusive conduct of which Mr. Jenkins is accused.

**Third**, the Government argues that the Thirteenth Amendment permits enactment of the forced labor statute and prosecution thereunder for forced labor offenses. Dkt. #183 at pp. 22-25. Mr. Jenkins did not argue to the contrary in his opening motion to dismiss. Neither the enactment

6

nor the purpose of the forced labor statute is implicated in Mr. Jenkins' motion. Rather, Mr. Jenkins asserted, and maintains, that the language of the statute cannot reach the conduct of which he is accused in the Indictment.

## CONCLUSION

WHEREFORE, for the reasons set forth above as well as in his motion to dismiss (Dkt. #161), Mr. Jenkins' motion to dismiss the indictment should be granted.

Respectfully submitted,

/s/ Mark A. Thomason
Mark A. Thomason #22227
Law Office of Mark Thomason, LLC
929 Walnut St Suite 101
Kansas City, MO 64106
816.229.8686 / 816.229.9494 fax
mthomasonlaw@yahoo.com
Co*unsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.

//s// Mark A. Thomason
*Counsel for Defendant*