IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        **Plaintiff,**<br><br>v.<br><br>**DANIEL AUBREY JENKINS,**<br><br>        **Defendant.** | Case No. 21-20060-JAR |

**JENKINS' REPLY IN SUPPORT OF HIS MOTION FOR A BILL OF PARTICULARS**

  Comes now the defendant, Daniel Aubrey Jenkins, by and through his attorney, Mark Thomason, and files this reply in support of his motion under Rule 12(b)(3)(B)(iii), for a Bill of Particulars defining the facts and circumstances on which the Government will rely at trial to prove the charges against him, namely that he held "official status within" the United Nations of Islam ("UNOI"), as alleged in the Indictment ("Ind.") at ¶ 9; that he participated in decision-making meetings and engaged in specific acts of abuse against minor victims 2, 5, and 9 (Ind. at ¶¶ 37, 42, 43, 46, 58, and 64), and that Jenkins committed the alleged acts of abuse in order to obtain the forced labor of the alleged victims. The requested information is still needed so that Mr. Jenkins can understand the Government's theory of the case and prepare for trial.

**STATEMENT OF FACTS**

Jenkins incorporates the Statement of Facts in his opening motion. Dkt. #161.

**DISCUSSION**

 In his opening motion, Mr. Jenkins requested very specific and limited information, namely:

- The dates of Jenkins' involvement in UNOI, including his initial membership in UNOI, the date or timeframe he assumed a leadership role, and the date that his involvement with UNOI ceased;

- The scope of his role in any decision-making meetings;

- The particular actions Jenkins is alleged to have committed against each minor victim in furtherance of the forced labor violations alleged and the dates of each such action;

- The birth dates of the minor victims and/or their ages as of October 28, 2020, and January 1, 2022, respectively;

- The "duty" that each minor victim is alleged to have performed at Jenkins' command;

- The facts upon which the Government will rely to prove that any acts of abuse were related to work performed or not performed by the minor victims.

*See* Dkt. #161 at p. 18.

The Government, in response, provided a lengthy summary of generalized allegations of wrongdoing (Dkt. #186), providing none of the dates and none of the specific information that Mr. Jenkins requested. Far from demonstrating that a Bill of Particulars is unnecessary in this case, the Government's response in fact proves the opposite – that the Government's case will be based on generalized statements about Mr. Jenkins' alleged conduct without sufficient details as to the timeframe of any bad act or the birthdates of the particular minor victims who Mr. Jenkins is alleged to have abused that would allow him to adequately defend against sweeping charges that span more than a decade.

As will have been clear from Mr. Jenkins' motions (Dkt. #161 and his (SOL reply)), without knowing the birthdate of MV-9, he can do nothing more that surmise as to the timeliness of the prosecution on Count Five. The information that he seeks is fundamental to his ability to argue compellingly for dismissal of that Count.

Similarly, the Government's evidence as to the dates on which he joined UNOI, assumed a leadership role, and left UNOI are likewise important for Mr. Jenkins to be able to evaluate the evidence produced in discovery and to make pretrial motions.

While the Government's responsive motions filed at Dkt. ##183, 185, and 186 provide some information about the Government's theory of the case, the vague nature of the information, lacking even "on or about" dates or timeframes, still makes it very hard for Mr. Jenkins to prepare to defend himself against these serious allegations at trial.

## CONCLUSION

WHEREFORE, for the reasons set forth above as well as in his motion for a bill of particulars (Dkt. #161), Mr. Jenkins' motion should be granted.

Respectfully submitted,

/s/ Mark A. Thomason
Mark A. Thomason #22227
Law Office of Mark Thomason, LLC
929 Walnut St Suite 101
Kansas City, MO 64106
816.229.8686 / 816.229.9494 fax
mthomasonlaw@yahoo.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 5th day of June 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which sent notification of such filing to all counsel of record.

                                                                                                                              //s// Mark A. Thomason
                                                                                                                          *Counsel for Defendant*