**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>            *Plaintiff,* vs.<br><br>**YUNUS RASSOULL,**<br>            *Defendant* | Case No. 21-CR-20060-02-JAR |

**YUNUS RASSOULL'S MOTION FOR NEW TRIAL**[1]

**COMES NOW**, Yunus Rassoull, by and through counsel Tricia A. Bath, and pursuant to Rule 33 of the Federal Rules of Criminal Procedure, moves this court for an order granting a new trial. In support of his motion, Mr. Rassoull offers the following:

**Rule 33 authorizes a new trial when, as here, "the interests of justice so require"**

"A motion for new trial should be granted if, after weighing the evidence and the credibility of the witnesses, the court determines that the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." *United States v. Garcia*, 182 F.3d 1165, 1170 (10th Cir. 1999) (internal quotations omitted). In *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir. 2009), the Court held that a court should grant a new trial motion in cases when the evidence weighs heavily against the verdict, recognizing that such cases are exceptional.

---

[1] Mr. Rassoull has filed a Renewed Motion for Judgment of Acquittal pursuant to Rule 29 (Doc. 556). To the extent applicable, he incorporates by reference argument, authority and factual recitations contained therein.

1

The trial court's decision to grant a new trial is reviewed for abuse of discretion. *United States v. Orozco*, 916 F.3d 919, 924 (10th Cir. 2019). It will be reversed "only if the court made a clear error of judgment or exceeded the bounds of permissible choice under the circumstances." *United States v. Zabriskie*, 415 F.3d 1139, 1144 (10th Cir. 2005). A district court "abuses its discretion if its decision is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (quotations omitted).

Even when "the district court's reasoning [on the motion for a new trial] could have been more explicit, the district court d[oes] not abuse its discretion," as long as "we believe the district court weighed the evidence and considered the credibility of all the witnesses." *United States v. Garcia*, 182 F.3d 1165, 1170 (10th Cir. 1999). *See also United States v. Fields*, 516 F.3d 923, 949 n.14 (10th Cir. 2008)(A district court may grant a Rule 33 motion even when the conviction is "supported with legally sufficient evidence" if it is "nevertheless against the weight of the evidence.").

As is evident from the *Garcia, Cesareo-Ayala,* and *Fields* quotes above, the court is not required to judge the evidence in a light most favorable to the government when deciding a Rule 33 motion (as it is in the case of a Rule 29 motion). Instead, as indicated by these cases, the court is to "weigh the evidence" and consider "the credibility of the witnesses" and grant a new trial where "the evidence preponderates heavily against a verdict." *United States v. Evans,* 42 F.3d 586, 593 (10th Cir. 1994). *See also United States v. Medeiros*, 647 F. Supp. 3d 1130, 1169 (D.N.M. 2022), *aff'd*, No. 23-2019, 2023 WL 8752921 (10th Cir. Dec. 19, 2023)(On the motion for acquittal, the Court had to construe all inferences in favor of the Government, but on a motion for new trial, the Court is not so constrained and may consider whether the weight of the

credible evidence warrants a new trial to prevent a miscarriage of justice.) Additionally, in the case of a conspiracy conviction, the Court must "use of every safeguard to individualize each defendant in his relation to the mass." *Kotteakos v. United States*, 328 U.S. 750, 772, 773 (1946).

Important to this court's weighing of evidence is the fact that Mr. Rassoull (along with four of the other five defendants) was acquitted of every substantive count alleged against him. The Tenth Circuit has considered that when substantive convictions underlying a conspiracy count have been reversed or vacated—or in this case acquitted--a new trial may be appropriate on the conspiracy count. *See United States v. Lake*, 472 F.3d 1247, 1263 (10th Cir. 2007); *United States v. Wittig*, 575 F.3d 1085, 1098-1105 (10th Cir. 2009). In *Lake*, the defendants challenged their convictions for wire fraud, money laundering, circumvention of financial controls, and conspiracy. 472 F.3d at 1250. The Court reversed the substantive convictions and then held that "given the dependence of the conspiracy charges on the evidence and instructions regarding the substantive charges, we must also reverse the conspiracy convictions and remand for retrial." *Id.* A new trial was necessary because "[t]he jury could not accurately evaluate the conspiracy allegations" without information at issue in the substantive counts. *Id.* at 1263.

In *United States v. Wardell*, 591 F.3d 1279, 1288 (10th Cir. 2009), the Court held that in order to sustain a conspiracy conviction, evidence in support of a conspiracy agreement must be "of such character that the minds of reasonable men may conclude therefrom that an unlawful agreement exists." A conspiracy conviction under 18 U.S.C. § 371 requires the Government to prove "(1) an agreement with another person to

violate the law, (2) knowledge of the essential objectives of the conspiracy, (3) knowing and voluntary involvement, (4) interdependence among the alleged conspirators," and (5) "an overt act in furtherance of the conspiracy." *United States v. Wardell*, 591 F.3d 1279, 1288 (10th Cir. 2009) (quotations omitted); *see also United States v. Wells*, 873 F.3d 1241, 1256 (10th Cir. 2017). The defendants must also "possess at least the degree of criminal intent necessary for the substantive offense that the parties are conspiring to commit." *Wardell* at 1287. Furthermore, "[T]he purpose of the [overt] act must be to further the conspiracy." *United States v. Nall*, 949 F.2d 301, 305 (10th Cir. 1991).

In *United States v. Medeiros*, No. 23-2019, 2023 WL 8752921, at *5–6 (10th Cir. Dec. 19, 2023), the Court considered the substantive count acquittals, holding that the overlap between the conspiracy count and the acquittal on the substantive-counts lightened the weight of the evidence on conspiracy. The acquittals also weakened the proof that certain overt acts furthered the conspiracy's objective. The Government argued on appeal that the acquittals on the substantive counts had only a "minimal impact on the body of conspiracy evidence" and the acquittal on those counts should have "no effect on Count 1's new-trial inquiry." Aplt. Reply. Br. at 6; *see id.* at 6-11. The Court disagreed. *United States v. Medeiros*, No. 23-2019, 2023 WL 8752921, at *6 (10th Cir. Dec. 19, 2023). Instead, the Court found that "the substantive-count acquittals weakened the evidentiary link between three overt acts and furtherance of the conspiracy's objective. And because the special verdict form did not tell us which overt act or acts the jury relied on to convict Mr. Medeiros and Mr. Greaves, the district court's order for a new trial on the conspiracy count was reasonable." *United States v.*

*Medeiros*, No. 23-2019, 2023 WL 8752921, at *8 (10th Cir. Dec. 19, 2023). The Court held:

> Acquittals of substantive counts underlying a conspiracy count may call for a new trial on conspiracy. *See Lake*, 472 F.3d at 1250. Here, the substantive acquittals weakened the evidentiary support for each part of the conspiracy count. The acquittals also undercut proof that several overt acts furthered the conspiracy's objectives, and we do not know which overt acts the jury relied upon to convict on the conspiracy count. The district court's order for a new trial on conspiracy was reasonable.

*United States v. Medeiros*, No. 23-2019, 2023 WL 8752921, at *10 (10th Cir. Dec. 19, 2023). *See also United States. V Starks,* 34 F.4th 1142, 1168 (10th Cir. 2022)(Where evidence to support conspiracy and substantive counts was the same, jury's inability to reach a verdict on the conspiracy showed that the conviction on the substantive counts was a close case.)

Mr. Rassoull has detailed the insufficiency of the government's evidence against him in his Renewed Motion for Judgement of Acquittal (Doc. 556) and will not repeat it here. The weakness of this evidence alone is such that the verdict in this case, as to Mr. Rassoull, is contrary to the weight of the evidence. However, adding that Mr. Rassoull was acquitted of each substantive charge and that each of the witnesses whose testimony might possibly support a conspiracy charge was repeatedly caught in untruths of half-truths on cross examination (See e.g., Doc. 554—Daniel Aubrey Jenkins Rule 29 and Rule 33 motion), weighs heavily **against** conviction in this case. *See United States. V. Autuori,* 212 F.3d 105, 120 (2nd Cir. 2000)(District court properly granted new trial where testimony of two main government witnesses was "dubious."). The court should contrast this with the weight of defense evidence, including the testimony of Mr. Rassoull which was uncontroverted and was supported by contemporaneously-

authored documents, when determining whether the jury's verdict is contrary to the weight of the evidence.

In addition to the weight of the evidence and the relative credibility of government and defense witnesses, the court may give weight to trial errors when deciding a motion for new trial. *See United States v. Walters,* 89 F.Supp.2d 1206, 1213 (D.Kan. 2000)(Any error, including cumulative error, that is sufficient to require reversal on appeal is a proper ground for granting a new trial under Rule 33.) The court should weigh "errors and improper comments against the strength of the evidence against the defendant." *See United States v. Christy*, 916 F.3d 814, 824 (10th Cir. 2019). The court may consider cumulative error if the appellant has shown at least two errors that were harmless. *United States v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990) (en banc). Harmless error includes non-constitutional error, such as a decision whether to admit or exclude evidence (unless a substantial right of a party is affected). *United States v. Cushing,* 10 F.4th 1055 (10th Cir. 2021). In examining errors, district courts should consider rules governing appellate review. This includes even matters to which the defendant did not object at trial, which are reviewed for plain error. *United States v. Currie*, 911 F.3d 1047, 1056-57 (10th Cir. 2018).

As this court recalls, Mr. Rassoull and others filed a number of pre-trial motions. Nearly every motion by any defendant was joined by all others. Nearly every pre-trial motion was denied by this court. As a result, any appeal by Mr. Rassoull would raise a number of adverse rulings, any one of which may be sufficient to require reversal, thus making it proper grounds for granting a new trial under Rule 33. *See Walters,* at 1213. The trial errors subject to review on appeal are:

- Motion to Dismiss on Statute of Limitations (Denied) and the court's ruling on the motion and instructions/special verdict form
- Motion for Bill of Particulars (Denied except as to dates of birth)
- Motion to Dismiss for Pre-Indictment delay (Denied)
- Motion to Dismiss for Grand Jury Abuse (Denied
    - Evidence at trial played out precisely as counsel had indicated that it would, which was contrary to testimony given by Agent Ramana (and solicited by the government's leading questions before the grand jury), meaning that Mr. Rassoull was indicted based upon "evidence" from Ramana that was not consistent with what the witnesses had said in their interviews or what they ultimately said from the witness stand at trial.
- Instructional error
    - Many defense instruction requests denied or modified over defense objection.
    - This included the giving of an *Allen* instruction
        - In *United States v. Coulter*, 57 F.4th 1168 (10th Cir. 2023) where court found that lengthy deliberation after *Allen* instruction tends to negate an inference of improper coercion. The same holds true if the jury remains deadlocked on some issues after receiving an *Allen* instruction. In our case, the converse was true: the jury returned very quickly with all unanimous verdicts,

suggesting that they were unduly coerced by the *Allen* instruction.

- Unfavorable rulings on 404(b) and "intrinsic" evidence
    - To determine if the Rule 404(b) evidence should be admitted, the evidence must be offered for a proper purpose, it must be relevant, its probative value must not be substantially outweighed by its potential for unfair prejudice, and, upon request, the court should instruct the jury to consider the evidence only for the purpose for which it was admitted. *United States v. Henthorn*, 864 F.3d 1241, 1247-48 (10th Cir. 2017). In this case, the government repeatedly offered evidence of e.g., the death of Shaquante W. (from cancer), Aron (a toddler), and Jocelyn G.'s mother (an elderly woman)—none of these due to work or force—with witnesses collapsing into tears while discussing these deaths. Even if this evidence was offered for a proper purpose, the probative value of the evidence was substantially outweighed by its potential for unfair prejudice.
    - This evidence, as well as much other evidence related to physical assaults was improper as 404(b) evidence and was not "intrinsic" evidence.
        - Intrinsic evidence, is "directly connected to the factual circumstances of the crime and provides contextual or

>background information to the jury." *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015). Indications that evidence is intrinsic include situations in which the evidence:
>
>- was inextricably intertwined with the charged conduct,
>
>- occurred within the same time frame as the activity in the conspiracy being charged,
>
>- was a necessary preliminary to the charged conspiracy,
>
>- provided direct proof of the defendant's involvement with the charged crimes,
>
>- was entirely germane background information, directly connected to the factual circumstances of the crime, or
>
>- was necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice.
>
>*Kupfer*, 797 F.3d at 1238 (internal quotation marks and citations omitted; alterations incorporated). Even intrinsic other-act evidence, although not excluded by 404(b), is still subject to Rule 403's requirement that its probative value is not substantially outweighed by the danger of unfair prejudice. *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993).

- Prosecutor error in closing
    - Misstatement of law in closing suggesting that because people were still working without pay after October of 2011, the conspiracy was ongoing

and/or defendants had not withdrawn despite evidence that Yunus had told people they should not feel compelled to work. This statement had a strong likelihood of confusing the jury. A prosecutor "has a duty not to misrepresent the law." *Le v. Mullin*, 311 F.3d 1002, 1022 (10th Cir. 2002). *See also United States v. Currie*, 911 F.3d 1047, 1055 (10th Cir. 2018) ("[I]t is improper for the prosecution to misstate the law in its closing argument.").

In *United States v. Medeiros*, No. 23-2019, 2023 WL 8752921, at *5 (10th Cir. Dec. 19, 2023), the court held:

> This was a complex case involving many agencies and documents. For the reasons discussed above, the evidence of criminal intent, materiality, and falsity was close, and the defense presented a credible, strong case for reliance on the advice of counsel. The multiple errors in admission of evidence, in instructions, and in prejudicial statements by counsel, together had the serious potential to confuse the jury and affected the fairness of the trial. The repeated questions on omissions for which there was no duty to report, and characterization of lawful conduct as bad acts risked the jurors attributing a higher level of culpability to Defendants than was actually present.

*Id.*

Ultimately, the district court determined that (1) the weight of the evidence and (2) cumulative trial errors both supported ordering a new trial. *Id.* at 62-84. On the weight of the evidence, it credited the defendant's "credible defense" and the weakness of the evidence supporting some of the counts. In its cumulative error analysis, the court found eight trial errors, which "viewed in the aggregate, seriously affected the fairness of the trial as to all counts and warrant[ed] a new trial." *Id.* at 84.

The case at bar is indisputably complex, involving years of conduct unrelated to the charges, statutes of limitations, concepts of free exercise of religion, parental

decision-making, brainwashing, childhood memories faded by the passage of as much as 24 years, childhood perceptions about authority and "lavishness" of lifestyle. Mr. Rassoull presented a strong defense as to his lack of intent, supported by documents that cannot be refuted. His documented and admitted efforts to dismantle the UNOI suggested that *if* he ever agreed to the conspiracy, he communicated his withdrawal by September of 2011, a defense about which the prosecution made inaccurate statement of the law in closing argument. Moreover, evidence about unrelated occurrences, including the deaths of two children, had potential to influence the jury to attribute a higher level of culpability to Mr. Rassoull than was actually present and for the question of Mr. Rassoull's guilt to get lost in the mass of other defendants' conduct.

**WHEREFORE**, for the reasons set forth herein, this court should grant a new trial to Mr. Rassoull in the above-captioned matter.

Respectfully submitted,

*/s/ Tricia A. Bath*
Tricia A. Bath            #18024
**BATH & EDMONDS, P.A.**
4000 W 114th Street, Suite 210
Leawood, KS 66211
(913) 652-9800; Fax (913) 213-1849
E-mail: tricia@bathedmonds.com
**Attorney for Yunus Rassoull**

### CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all interested parties.

*/s/ Tricia A. Bath*
Tricia A. Bath            #18024